[Civ. No. 13272.   Second Dist., Div. Three.   Feb. 25, 1942.]

GEO. W. SMITH et al., Respondents, v. E. M. YOUNG, Appellant.

Roy A. Linn for Appellant.

Hugh G. Maddox for Respondents.

SCHAUER, P. J.—This is a suit in equity to vacate a judgment of the municipal court on the ground of extrinsic fraud. Issue was joined on the complaint and the answer. This appeal upon the judgment roll alone is well taken in that the findings do not support the judgment.

Paragraphs VI, VII, VIII, IX, and X of the complaint comprise allegations that the account sued upon in the municipal court action had been paid before the action was filed, that a receipt evidencing such payment had been given to plaintiff herein Geo. W. Smith (defendant therein), that when summons was served in such municipal court action the defendant Smith exhibited such receipt to the attorney for the plaintiff in that action, told him that his (Smith's) attorney was out of the city and was told by such attorney for the plaintiff that "a mistake had been made . . . that it would not be necessary for him to consult his attorney, as he intended doing nothing further in the said action; and that at said time and place [such attorney for the municipal court plaintiff] executed and delivered to the plaintiff . . . a release of the property theretofore attached in said action; and . . . then and there represented . . . that if the said Geo. W. Smith was willing to drop the matter that he would also. . . . That the aforesaid representations [made by the attorney] were untrue, and were made in order to influence the plaintiff to prevent him from interposing his defense to said action. . . . That the plaintiffs [defendants therein] relied upon said representations . . . in that they failed to file their answers in said action."

The answer in this action denies each and all of the recited allegations of the complaint, but the trial court made no finding of fact on any of such issues except that it found that plaintiff Geo. W. Smith did go to the office of the attorney for the plaintiff in the municipal court action, did exhibit a receipt in the form of a statement for the account endorsed "paid in full," and that a release of attachment of two automobiles was given to Mr. Smith by the attorney. The trial court also found that plaintiffs here "were prevented from filing an answer and offering a defense to said Municipal Court action by reason of the fact that the defendants

George W. Smith and Mary E. B. Smith believed that when the cars were released from the writ of attachment . . . that nothing further would be done in said Municipal Court action.''

■ The issues upon which no findings were made were material and the mere finding that plaintiffs ''were prevented'' from making their defense because they *''believed''* that nothing further would be done is insufficient to support the judgment on the theory of fraud in that it does not establish fraud, extrinsic or otherwise, in the inducement of such belief. ■ The fact that a release of attachment was given, even though coupled with production of the receipt, certainly does not, in the absence of further facts, even tend to establish an effort to preclude plaintiffs from their day in court, to mislead them, or otherwise to show fraud. (For a definition of extrinsic fraud see *Godfrey* v. *Godfrey* (1939), 30 Cal. App. (2d) 370, 379 [86 Pac. (2d) 357], and cases there cited.) ■ Likewise the judgment cannot be sustained on the ground of mistake of fact because, aside from the fact that the complaint pleads fraud, not mistake, the findings do not determine the ultimate fact whether the account had or had not been paid; the receipt was evidence tending to show payment but was not conclusive. In the absence of a finding that the account had been paid the conclusion that it would be unconscionable to enforce the municipal court judgment is untenable (see *Wattson* v. *Dillon* (1936), 6 Cal. (2d) 33, 40 [56 Pac. (2d) 220]).

As several of the most important issues which were presented to the trial court have not been the subject of findings and as the determination thereof would apparently entail an extended hearing, this is not a proper case for us to indulge the powers granted by section 4¾ of article VI of the Constitution (Code Civ. Proc., sec. 956a). (See *Tupman* v. *Haberkern* (1929), 208 Cal. 256, 269 [280 Pac. 970].)

The judgment is reversed.

Shinn, J., and Wood (Parker), J., concurred.