[Civ. No. 14211. First Dist., Div. One. Dec. 22, 1949.]

ANNA LOKE, Appellant, v. EDWARD LOKE, Respondent.

Phil F. Garvey and James A. Himmel for Appellant.

Samuel E. Yee for Respondent.

WARD, J.—The question presented on this appeal is whether the trial judge abused his judicial discretion in denying plaintiff's motion for counsel fees and costs in an action

for divorce against defendant and discharging the order to show cause why defendant should not pay counsel fees and costs during the pendency of the action.

Plaintiff admits that the allowance of such a motion is a matter of judicial discretion (Civ. Code, § 137; *Sweeley* v. *Sweeley*, 28 Cal.2d 389 [170 P.2d 469]), but submits that the discretion must be based upon facts adduced at the time of the hearing of the motion. The generally accepted method adopted by the court in disposing of such matters where the complaint shows probable cause for institution of an action in divorce is to grant the motion to compel the husband to pay such expenses unless the evidence introduced on the hearing of the motion shows that the wife is in a position financially to compensate counsel and finance the litigation she has instituted. All of the circumstances of the parties and the ability of each to pay may be considered. (*Whelan* v. *Whelan*, 87 Cal.App.2d 690 [197 P.2d 361]; *Fallon* v. *Fallon*, 86 Cal. App.2d 872 [195 P.2d 878]; *Sweeley* v. *Sweeley, supra.*)

It is interesting to note that on appeal plaintiff does not claim temporary support and maintenance, as prayed for in the complaint, should have been allowed. If the allegations of the complaint, standing alone, were to be considered independently of the evidence introduced on the hearing of the motion, there might appear to be some foundation for plaintiff's claim of error. However, the record shows that plaintiff and defendant were married only about three months before the complaint was filed. Plaintiff worked before and after marriage and earned approximately $180 per month. Plaintiff testified that she "imagined" her husband received "about Two-Twenty a month," and that recently she had been called upon to assist in the support of a brother to the extent of about $40 per month.

In defendant's answer and cross-complaint he admitted the receipt of "approximately $200 per month" but denied that he was able to pay attorney's fees and costs. The same pleading alleged community property of the sum of approximately $307 deposited in a bank jointly in the names of cross-complainant and cross-defendant.

The record also shows that plaintiff testified she did not have sufficient funds for attorney's fees and for costs; but her credibility on that subject was a matter for the trial court to determine. If upon plaintiff's testimony the trial court was

convinced that the motion should be denied, it was not necessary that defendant introduce any evidence.

The order and judgment appealed from are affirmed.

Peters, P. J., and Bray, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 16, 1950. Carter, J., voted for a hearing.