[Civ. No. 5184. Fourth Dist. Aug. 10, 1956.]

LOIS KAY RICH, Appellant, v. EDWARD A. RICH, Respondent.

Buttermore & Lightner for Appellant.

Newton Dal Poggetto for Respondent.

MUSSELL, J.—Plaintiff obtained an interlocutory decree of divorce from the defendant on October 1, 1953, and a final decree on April 18, 1955. Both decrees contained a provision that the defendant pay $50 per month to plaintiff as and for her support and maintenance, said payments to be made on or before the third day of each and every month thereafter. Defendant was personally served with summons and complaint but did not appear in the action or appeal from the judgment entered therein. On June 6, 1955, defendant secured an order to show cause in said action, directing plaintiff to show cause why the order of October 1, 1953, relative to support and maintenance, should not be modified and the payments for support terminated as of June 1, 1955. In support of this order to show cause, defendant filed an affidavit, which, insofar as is here pertinent, is as follows:

"That affiant entered his appearance and stipulation waiving notice etc. in said action, permitting said judgment to be entered as a default matter, on the assumption and understanding that the judgment to be made and entered therein would provide for payment by defendant to plaintiff of the sum of $50.00 per month for her support and maintenance for one year only.

"That affiant has fully complied with said order and is not in default thereunder.

"That affiant's income is such that the payment of said sum of $50.00 per month works a serious hardship on him; that plaintiff is employed at a monthly salary in excess of defendant's salary, and defendant declares that it will be fair, equitable and reasonable, and requests the court, to modify the above mentioned order to provide that alimony payments be made to and including June 1st, 1955, only."

Plaintiff filed a counteraffidavit in which she stated that defendant had deserted her, taking with him all of the com-

munity property; that through negotiations between plaintiff and defendant, independent of counsel, the parties agreed that defendant would send $50 per month to affiant for her support and maintenance; that nothing was ever mentioned concerning the period during which said support was to continue; that no disposition of the community property was made; that defendant's income has increased since the granting of the divorce and that plaintiff's income is insufficient to permit her to secure the medical and dental attention she requires. The order to show cause was heard on these affidavits and no testimony was taken at the hearing.

On June 22, 1955, the trial court entered its order, *nunc pro tunc*, as of June 15, 1955, modifying the interlocutory decree as follows: "That the defendant shall pay to plaintiff the sum of $50 per month for the support and maintenance of plaintiff beginning on the 3rd day of October, 1953, to and including the 3rd day of April, 1956, only." Plaintiff appeals from this order of modification. She argues that the trial court abused its discretion in making it since no showing of changed circumstances of the parties was made and the application for relief was filed too late.

In *McClure v. McClure*, 4 Cal.2d 356 [49 P.2d 584, 100 A.L.R. 1257], the court considered the question whether a husband may be relieved permanently of the obligation to contribute to the support of his former wife by an order of modification where the divorce decree has awarded alimony for her support. It was there held that section 139 of the Civil Code confers jurisdiction on the court to modify its order in respect of the support of the wife to meet changed conditions; that upon a proper showing a husband may be relieved permanently of the obligation to pay alimony by order of modification made under the provisions of said section 139; that the power to terminate liability for alimony by way of modification under said section 139 should be exercised by the courts with caution and only after a full consideration of the circumstances of the parties.

In *Moore v. Moore*, 133 Cal.App.2d 56, 58-59 [283 P.2d 338], it is held that the trial court is without authority to make an order reducing the amount of alimony awarded in an interlocutory or final decree of divorce in the absence of a showing that there has been a change in conditions subsequent to the entry of the interlocutory or final decree of divorce; that upon a proper showing, the court possesses power to modify an alimony order because of changed con-

ditions; that the propriety of such an order depends upon the facts and circumstances of each case and that the propriety of such a modification rests largely in the discretion of the trial court.

In *Snyder* v. *Snyder*, 219 Cal. 80, 81 [25 P.2d 403], it is said:

"The rule of law in this particular is stated in 1 Ruling Case Law, page 948, as follows:

" 'Authority to modify the allowance, however, does not include the right to alter the award upon the state of case existing when the decree was entered, or to review the action of the chancellor therein. The parties had their day in court, with the right of appeal if the decree was deemed erroneous, and it cannot be supposed that it was intended that the court should sit in review of its own decrees, or that the same or some succeeding chancellor presiding in the same court should, after the lapse of indefinite time, have power to reverse, alter or modify a decree for alimony upon the facts existing at the time of its entry.' See, also, to the same effect, 19 C.J. 273. This rule is followed by the District Court of Appeal in *Molema* v. *Molema*, 103 Cal.App. 79 [283 P. 956]. See also, a case directly in point decided by the Supreme Court of the state of Idaho, *Simpson* v. *Simpson*, 51 Idaho 99 [4 P.2d 345]."

In the instant case there was no testimony received on the order to show cause and defendant's application for modification is necessarily based upon his affidavit filed in support thereof. There is an utter failure to set forth therein any facts upon which the trial court could find or conclude that there had been a change of circumstances since the interlocutory decree which would justify the modification made.

 It is argued that the trial court had power to modify the decree upon a showing of mistake by the defendant in that he did not appear in the action because of his belief that he was to pay alimony for one year only. Equitable relief from a judgment may be secured on proof of extrinsic and collateral fraud. (16 Cal.Jur.2d, Divorce and Separation, § 146.)

 However, as is said in *Gale* v. *Witt*, 31 Cal.2d 362, 366 [188 P.2d 755], ". . . (t)o constitute extrinsic fraud, there must have been some representation or concealment by the defendant which prevented the plaintiff from having his day in court. . . ." And in *Stark* v. *Mintz*, 85 Cal.App.2d 119, 121 [192 P.2d 87], the court held that fraud or mistake is extrinsic when it deprives the unsuccessfull party of an oppor-

tunity to present his case to the court; that if an unsuccessful party to an action has been kept in ignorance thereof or has been prevented from fully participating therein, there has been no true adversary proceeding, and the judgment is open to attack at any time; that "A party who has been given proper notice of an action, however, and who has not been prevented from full participation therein, has had an opportunity to present his case to the court and to protect himself from any fraud attempted by his adversary. Fraud perpetrated under such circumstances is intrinsic, even though the unsuccessful party does not avail himself of his opportunity to appear before the court. Having had an opportunity to protect his interest, he cannot attack the judgment once the time has elapsed for appeal or other direct attack."

The record herein shows that the defendant's misunderstanding, if any, as to the duration of the support payments was based upon an alleged misunderstanding with his attorney and was not based upon any representation made by plaintiff or her counsel. Defendant states in his affidavit that he permitted the judgment to be entered as a default matter on the assumption and understanding that the support payments would continue for one year only but there is no statement or allegation that he had such an understanding with plaintiff or her counsel. The person or persons with whom he claims to have had an understanding are not named in said affidavit.

In *Greenwood* v. *Greenwood*, 112 Cal.App. 691, 696 [297 P. 589], the court said:

"Equity will not grant relief against a judgment at law, where such judgment was obtained in consequence of the neglect, inattention, mistake, or incompetence of the attorney, unless caused by the opposite party. (34 C.J. 465.) If the party seeking to set aside the judgment had a complete and adequate remedy in the same proceeding, he cannot appeal to equity for relief, where his sole ground is the neglect of his attorney, and it is not contended that the act of his opponent in any manner contributed to his predicament. (*California Beet Sugar Co.* v. *Porter*, 68 Cal. 369 [9 P. 313].)"

In *Smith* v. *Young*, 50 Cal.App.2d 152, 154 [122 P.2d 624], the court said:

"The issues upon which no findings were made were material and the mere finding that plaintiffs 'were prevented' from making their defense because they '*believed*' that nothing further would be done is insufficient to support the judg-

ment on the theory of fraud in that it does not establish fraud, extrinsic or otherwise, in the inducement of such belief.''

In the instant case, defendant's belief and assumption, under the circumstances shown by the record, were not sufficient to establish extrinsic fraud and there were no changed circumstances justifying the modification order of the court.

The order modifying the interlocutory decree is reversed.

Barnard, P. J., and Burch, J. pro tem.,* concurred.

Respondent's petition for a hearing by the Supreme Court was denied October 4, 1956. Shenk, J., and Schauer, J., were of the opinion that the petition should be granted.

*Assigned by Chairman of Judicial Council.