[Civ. No. 40108. Second Dist., Div. Two. Jan. 15, 1973.]

In re the Marriage of ROBERT J. and MARGARETTE J. MULHERN.
MARGARETTE J. MULHERN, Respondent, v.
ROBERT J. MULHERN, Appellant.

## COUNSEL

Pray, Price, Williams & Russell and William C. Price for Appellant.

Sherman L. Lister and James L. Wright for Respondent.

## OPINION

**COMPTON, J.**—On October 9, 1970, the Superior Court of Los Angeles County entered its decree dissolving the 31-year childless marriage of Robert and Margarette Mulhern. By that decree the court made an equal division of substantial community property and ordered Robert to pay $150 a month for spousal support "until further order of the court." No award of attorney's fees was made. (Robert had been ordered to pay $125 attorney's fees in a previous order to show cause.)

Neither Margarette nor her attorney appeared at the hearing although the record indicates that both the court and Robert's attorney made considerable effort to obtain such appearances.

At the hearing, only Robert testified and while Margarette's physical condition was alluded[1] to, no specifics were presented.

On October 23, 1970, Margarette noticed a motion for a new trial specifying 10 grounds which in various ways alleged that she had not received a fair trial. Following a hearing, the motion was denied on January 13, 1971. No appeal was taken from the decree or from the denial of the motion for new trial. The time for such appeal has since expired.

On April 12, 1971, Margarette filed two orders to show cause, one seeking attorney's fees and one seeking modification of the order for spousal support. A hearing ensued and on May 21, 1971, the trial court refused to award attorney's fees on the one petition but did order the spousal support increased to $300. In connection with the latter order the court awarded Margarette $550 as attorney's fees. Robert appeals.

---

[1]The following question and answer appears in the testimony at the hearing. "By Mr. Price: 'Now, Mrs. Mulhern, by reason of—I think it was heart trouble, wasn't it?—was just retired from her job on social security disability? Answer: Yes, sir. She is drawing at the present time approximately a hundred and forty-one dollars per month.' "

## Modification of Spousal Support

Margarette's petition for an order to show cause in re modification recited the necessity for the modification as follows:

"At the time of the hearing at which support was ordered, Petitioner's medical condition was not considered as a factor, i.e., her inability to work; further no consideration was given or testimony offered or received as to Petitioner's special need for drugs, doctors, and diet foods.

"The reason that no testimony was taken at said hearing was that petitioner's attorney was involved in another trial and Court permitted petitioner's default to be taken and respondent offered no testimony concerning petitioner's special need for drugs, doctors, diet foods and inability to work."

She requested "1. That respondent pay to petitioner $400.00 per month spousal support. 2. That respondent pay petitioner's attorney's reasonable attorney's fees on account of this hearing plus petitioner's actual costs incurred herein."

The only evidence offered in support of the request for modification was testimony by Margarette herself, which testimony was vague and general in characterizing her state of health as deteriorating. It cannot be determined, however, from the record before us as to when this deterioration began in relation to the date of the interlocutory decree.

It appears that prior to the dissolution Margarette had gone through surgery. Some of her testimony related to her condition subsequent to the surgery which per force antedated the dissolution. The evidence produced was woefully inadequate to establish that a change in circumstances had occurred after the interlocutory decree. The trial court's action in doubling the amount of spousal support finds no basis in the record.

It appears that the trial court based its order of modification on circumstances which existed at the time the decree of dissolution was entered. The petition for the order to show cause alleged no change in circumstances but the court nevertheless, over the objection of Robert's counsel, received the evidence discussed above.

■ Civil Code section 4801, subdivision (a) provides inter alia: "Any order for support of the other party may be modified or revoked as the court may deem necessary, . . ."

This section is substantially a reenactment of former section 139 of the Civil Code and thus is subject to the rule that a trial court is without authority to modify an award for spousal support in the absence of a

substantial change of circumstances occurring subsequent to the entry of the decree. (See *Philbin* v. *Philbin,* 19 Cal.App.3d 115 [96 Cal.Rptr. 408]; *Hester* v. *Hester,* 2 Cal.App.3d 1091 [82 Cal.Rptr. 811]; *Rich* v. *Rich,* 143 Cal.App.2d 794 [300 P.2d 60]; *Snyder* v. *Snyder,* 219 Cal. 80 [25 P.2d 403].)

 In essence, Margarette's position is that because the details of her physical condition were not presented at the hearing which led to the original decree of dissolution, her evidence on that issue offered in connection with the order to show cause re modification demonstrated a change in the circumstances upon which the trial court based the original decree.

All matters which were at issue in the original dissolution proceedings and which were disposed of by the decree are res judicata. One such issue was Margarette's need for spousal support based upon her physical condition as it then existed.

The correctness of the trial court's decision in making the original award for spousal support was subject to a direct attack by way of a motion for a new trial (which was attempted without success) and by appeal (which was not attempted).

 The decree may not be collaterally attacked by way of a petition for modification. (See *Decker* v. *Occidental Life Ins. Co.,* 70 Cal.2d 842 [76 Cal.Rptr. 470, 452 P.2d 686]; *Peck* v. *Superior Court,* 185 Cal.App. 2d 573 [8 Cal.Rptr. 561]; *Dupont* v. *Dupont,* 4 Cal.2d 227 [48 P.2d 677].)

To follow Margarette's contention to its logical extreme a party could prevent a decree from becoming final in effect by withholding evidence or in failing to appear and present evidence at the hearing on dissolution.

The parties to a dissolution are entitled to attempt, with some degree of certainty, to reorder their finances and life style in reliance upon the finality of the decree.

 It was an abuse of discretion for the trial court to base its order of modification on evidence which failed to establish that a substantial change of circumstances had occurred subsequent to the entry of the decree of dissolution. Since the petition for the order to show cause re modification did not plead such a change, the proceeding was a nullity and we cannot simply remand for further hearing on that petition. The order for modification must be vacated and Margarette must now petition anew if she can plead and prove a change of circumstances.

## Attorney Fees

█ In a separate petition for an order to show cause re attorney's fees Margarette alleged that "No fees or costs have been Ordered since the original Order to Show Cause in this matter as this was to be deferred until the time of trial. At the time of trial, however, petitioner's default was taken as counsel was engaged in another matter and no attorneys' fee order was made," and requested "That costs of $527.45 and fees of $5,200.00 for a total of $5,727.45 be made payable directly to attorney for petitioner, SHERMAN L. LISTER, of the Law Firm of RAWLINSON, LANG & LISTER, in reasonable monthly payments."

It is clear that in this petition Margarette sought to have attorney's fees awarded for services that had been performed prior to the entry of the decree of dissolution. This is demonstrated by her reference to the fact that no such order was made at the time of trial and the fact that $5,200 would clearly be in excess of what would be reasonable for a petition for modification.

The trial court correctly ruled that the matter of attorney's fees for services rendered prior to the entry of the decree was res judicata. The same reasoning which militated against the modification of spousal support would apply with equal force to this request for additional attorney's fees.

In connection with her petition for order to show cause re modification, Margarette also requested attorney's fees.

Civil Code section 4370, subdivision (a) provides in pertinent part as follows: "During the pendency of any proceeding under this part, the court may order the husband or wife, or father or mother, as the case may be, to pay such amount as may be reasonably necessary for the cost of maintaining or defending the proceeding and for attorneys' fees; and from time to time and before entry of judgment, the court may augment or modify the original award for costs and attorneys' fees as may be reasonably necessary for the prosecution or defense of the proceeding or any proceeding relating thereto. *In respect to services rendered or costs incurred after the entry of judgment, the court may award such costs and attorneys' fees as may be reasonably necessary to maintain or defend any subsequent proceeding therein,* and may thereafter augment or modify any award so made. Attorneys' fees and costs within the provisions of this subdivision may be awarded for legal services rendered or costs incurred prior, as well as subsequent, to the commencement of the proceeding." (Italics added.)

This provision deals with two separate situations, i.e., proceedings prior

to entry of the decree and proceedings subsequent thereto. The final sentence dealing with services rendered prior as well as subsequent *to the commencement of the proceedings* is limited by the division of pre and post judgment proceedings. Fees for services rendered prior to the actual filing of the proceedings leading to dissolution may be awarded in the dissolution decree. Fees for services rendered after the dissolution decree but prior to the filing of subsequent proceedings may be awarded in the order resulting from those proceedings. However, proceedings subsequent to judgment may not result in an award of fees for services rendered prior to that judgment.

In the instant case, all of the evidence presented to the court in regard to attorney's fees dealt with services rendered prior to the interlocutory decree. The trial court ostensibly rejected all such claims and purported to award attorney's fees in relation to "Current Actions before the Court." This could only mean that the court awarded such fees in connection with the petition and hearing on modification of spousal support.

Since no evidence was proffered as to the value of those services the trial court must have relied on its own judgment in fixing those fees. Such a procedure is proper. (See *Hedden* v. *Waldeck,* 9 Cal.2d 631 [72 P.2d 114]; *Hicks* v. *Hicks,* 249 Cal.App.2d 964 [58 Cal.Rptr. 63]; *Scott, Blake & Wynne* v. *Summit Ridge Estates, Inc.,* 251 Cal.App.2d 347 [59 Cal. Rptr. 587]; cf. *Straub* v. *Straub,* 213 Cal.App.2d 792, 800 [29 Cal.Rptr. 183].) On a review of such an award, however, this court may exercise its independent judgment in determining whether there was an abuse of discretion.

It appears to us that an award of $550 is excessive as fees for legal services which involved the filing of an uncomplicated petition for an order to show cause and participation in a hearing which consumed considerably less than a full court day.[2] (See *Warner* v. *Warner,* 34 Cal.2d 838 [215 P.2d 20]; *Davidson* v. *Davidson,* 5 Cal.App.3d 51 [84 Cal.Rptr. 884].)

It was incumbent upon the respondent to show that the services being compensated for were reasonably related to the proceeding for modification. (See *Straub* v. *Straub, supra.*)

The size of the award suggests that the court while disavowing such action was improperly attempting indirectly to compensate for services rendered in connection with the interlocutory decree.

---

[2]The testimony taken at the hearing covers only 27 pages of the reporter's transcript.

## The Propriety of Awarding Attorney's Fees to the Wife in Post Judgment Proceedings

■ Under Civil Code section 4370 the court is authorized to award costs and attorney's fees "as may be reasonably necessary to maintain or defend any subsequent proceeding . . . ."

Under the New Family Law Act, as between the spouses, the dissolution process is not unlike the dissolution of a business partnership. An equal distribution of assets, liabilities and responsibilities is mandated to the end that upon entry of the dissolution decree the parties are to the extent possible placed in a position of economic parity. The provisions for awarding spousal support to either party is one element of that parity.

Prior to entry of the decree the wife is generally in a disadvantageous position as a result of the husband's control of the community property. (Civ. Code, § 5105.) Thus it has been said that "The manifest purpose of pendente lite allowances under the section in question is to enable the wife to secure adequate representation and to meet the legal expense of litigation essential to her side of the controversy in a divorce action." (*Crook* v. *Crook*, 184 Cal.App.2d 745, at p. 749 [7 Cal.Rptr. 892].)

The rule has always been that an award for attorney's fees in a modification proceeding is not a matter of right. The critical question is not whether the attorney ought to be paid, but whether petitioner could demonstrate a need for an allowance of attorney's fees. (*Straub* v. *Straub, supra; Cope* v. *Cope,* 230 Cal.App.2d 218 [40 Cal.Rptr. 917]; *Modglin* v. *Modglin,* 246 Cal.App.2d 411 [54 Cal.Rptr. 582].)

Once there has been a division of the community assets and economic parity is achieved the "necessity" for providing legal fees must rest upon a different basis than that which obtains prior thereto.

In *Cochran* v. *Cochran,* 13 Cal.App.3d 339, at page 351 [91 Cal.Rptr. 630], the court held that "[W]here an order has permanently relieved the husband from the alimony obligation, and the order has become final and is not the subject of collateral attack, the court is not authorized to make an allowance for costs and fees." In that case, the court observed that the husband had only sought to uphold the provisions of the interlocutory decree against the new claim of the wife who had elected to stand on that decree for a portion of the relief she sought and that it was thus error to allow the wife attorney's fees and costs.

The feature which distinguishes *Cochran* from the case at bar is of course the fact that here the interlocutory decree contained a provision for spousal support. However, the principle is the same.

The interlocutory decree having become final and not subject to collateral attack fixed the amount of spousal support which was necessary to place the wife in equal position to the husband. A showing of a subsequent substantial change in circumstances was necessary to establish the present lack of parity between the parties.

In *Perry* v. *Superior Court,* 7 Cal.App.3d 236, at page 243 [86 Cal.Rptr. 607], it was stated: "Attorneys' fees in a domestic relations action are not awarded as a 'reward' to the winning party; rather the purpose of the statute is to provide a party with an amount needed to properly litigate the controversy. [Citation.] Awarding of fees is proper only upon a finding of necessity; therefore, the court making the award must consider the respective incomes and needs of husband and wife."

Of course, if the court finds that there has been such a change of circumstances as to require an increase in spousal support that would carry with it a possible implication that the wife was unable to finance the litigation to establish her additional needs.

We have concluded that no change of circumstances was demonstrated here and hence no necessity for an award of attorney fees.

The order appealed from is reversed and the trial court is instructed to vacate its order of May 21, 1971, and to enter its order denying the petition for modification of spousal support and denying any costs or attorney fees in connection thereof.

Roth, P. J., and Herndon, J., concurred.