[Civ. No. 44531. Second Dist., Div. Two. May 22, 1975.]

In re the Marriage of DAVID H. and ELLIE JANSSEN.
ELLIE JANSSEN, Respondent, v.
DAVID H. JANSSEN, Appellant.

COUNSEL

Arthur J. Crowley and Howard E. Blumenthal for Appellant.

Marvin M. Mitchelson and Donald N. Woldman for Respondent.

OPINION

FLEMING, Acting P. J.—David Janssen appeals an order directing him to pay attorneys' fees, accountants' fees, and costs incurred by Ellie Janssen in post-judgment proceedings in the dissolution of their marriage. He contends the record fails to justify the order.

The appeal is on a settled statement which shows these facts:

On 27, 29 and 30 November and 3 December 1973 the trial court conducted a consolidated hearing on Ellie's motion to hold David in contempt for failure to pay approximately $37,000 in spousal support during 1972 and 1973 and on David's motion for modification of future spousal support payments. Evidence showed that David earned more than $500,000 per year in 1970, 1971, and 1972, and had a cash flow of more than $336,500 through September 1973. Although David spent large sums for personal pleasure and to improve and furnish a condominium he shared with a woman to whom he was not married, from the latter part of 1972 up to December 1973 he made only one spousal support payment to Ellie. David was steadily employed and preparing to work in a new television series, "Harry-O." Without spousal support payments, Ellie had been forced to deplete her assets and invade her savings in order to pay her share of David's back taxes. Her assets totaled $127,000, including $110,000 in real property and mortgages and approximately $13,500 in cash savings.

On 27 December 1973 the trial court vacated its order adjudging David in contempt after counsel reported that David had purged himself of contempt by paying past due spousal support. The court ordered future spousal support payment reduced. On Ellie's pending motion for fees and costs, Sid Lockitch, accountant, and Marvin Mitchelson, attorney, testified to the nature and value of services they performed for Ellie with respect to the contempt and modification proceedings. David testified that he was unable to pay Ellie's fees and costs, that he had borrowed $37,000 to bring himself in compliance with spousal support orders. On further examination he testified that the $37,000 was an advance payment for services by the producers of the projected television series.

On 31 December 1973 the court ordered David to pay $4,500 for attorneys' fees and $1,720 for accountants' fees and costs incurred by Ellie which were reasonably required by her to defend and maintain the contempt and modification proceedings.

■ Civil Code section 4370 provides in pertinent part: "In respect to services rendered or costs incurred after the entry of judgment, the court may award such costs and attorneys' fees as may be reasonably necessary to maintain or defend any subsequent proceeding therein . . ." The award is within the trial court's discretion and will be disturbed on appeal only on a clear showing the trial court abused its discretion. (*In re Marriage of Lopez,* 38 Cal.App.3d 93, 113 [113 Cal.Rptr. 58].) The award is not a reward to the winning party; its purpose is to provide a party with an amount necessary to properly litigate the controversy. The trial court must consider the respective incomes and needs of the husband and wife. (*Perry* v. *Superior Court,* 7 Cal.App.3d 236, 243 [86 Cal.Rptr. 607]; *In re Marriage of Mulhern,* 29 Cal.App.3d 988, 996 [106 Cal.Rptr. 78].)

■ David initially argues that the trial court in its determination of the award could not and did not consider evidence introduced at the hearing on the contempt and modification. We disagree. The hearing on Ellie's motion for fees and costs was part and parcel of the contempt and modification proceeding and followed immediately upon the court's resolution of the opposing motions. The order to show cause of 19 November 1973 included an order that David show cause why he should not be required to pay attorneys' fees and costs. The issue of fees was thus pending before the court at all stages of the proceeding. In determining Ellie's need and David's ability to pay the trial court

necessarily considered the history of the entire litigation and the evidence introduced in the earlier phase of the proceeding. (*Ganann* v. *Ganann,* 109 Cal.App.2d 346, 349-350 [240 P.2d 722]; see *Wittman* v. *Superior Court,* 19 Cal.App.2d 734, 736 [66 P.2d 180].) The record need not expressly reflect this obvious factor in the trial court's consideration.

■ David argues that, in any event, the record fails to support the trial court's implied findings of Ellie's need and David's ability to pay. However, we find substantial evidence to support those findings. Ellie had substantial assets, but no evidence showed how much, if any, income those assets produced. She had already depleted part of her assets during the period David was in default in payment of spousal support. Ellie was not required to impair her capital to finance marital dissolution litigation or to secure David's compliance with existing court orders. (*Primm* v. *Primm,* 46 Cal.2d 690, 696 [112 P.2d 231]; *In re Marriage of Borson,* 37 Cal.App.3d 632, 639 [112 Cal.Rptr. 432]; *Sigesmund* v. *Sigesmund,* 115 Cal.App.2d 628, 632 [252 P.2d 713].) The trial court was not required to accept David's self-serving testimony of his inability to pay Ellie's fees and costs. (*Loke* v. *Loke,* 95 Cal.App.2d 278, 279-280 [212 P.2d 553].) David's half-million dollar yearly income and seemingly extravagant expenditures permitted an inference that he could afford $6,220 for Ellie's fees and costs. The trial court clearly concluded that David had the present ability to pay since on the day of the hearing it ordered further spousal support payments.

The order is affirmed.

Beach, J., concurred.

**COMPTON, J.**—I dissent.

The majority appears to be preoccupied with David's lifestyle and extravagance to the extent of ignoring the requirement that Ellie demonstrate a need for attorney's fees.

Our opinion in *In re Marriage of Mulhern,* 29 Cal.App.3d 988 [106 Cal.Rptr. 78], would militate against the awarding of attorney's fees to a wife in a post-judgment proceeding who is possessed of $127,000 in assets regardless of the affluence of her former husband. As we attempted to point out in *Mulhern, supra,* the advent of the Family Law Act has markedly changed the approach of the courts in awarding attorney's fees to the wife in post-judgment proceedings.

As we stated in *Mulhern, supra,* at page 995, "Under the New Family Law Act, as between the spouses, the dissolution process is not unlike the dissolution of a business partnership. An equal distribution of assets, liabilities and responsibilities is mandated to the end that upon entry of the dissolution decree the parties are to the extent possible placed in a position of economic parity. . . . Prior to entry of the decree the wife is generally in a disadvantageous position as a result of the husband's control of the community property. (Civ. Code, § 5105.)"

Once the marriage is dissolved the law does not guarantee that the wife will continue in economic parity with the husband and she no longer is in the disadvantageous position of the husband having control of her assets. To that extent then, following the dissolution absent a strong showing of necessity, the husband should not be required to finance the wife's subsequent litigation against him. In the case at bar we are dealing with a relatively young woman who apparently is in good health and the controversy for which the fees are being sought did not involve child support. To award Ellie $6,200 in fees with no more showing of need than was exhibited here serves as an open invitation to ex-wives and their lawyers to harass affluent ex-husbands with everything to gain and nothing to lose.

I would reverse the order.