518 F.2d 678
 In the Matter of Charles Wright Jones, aka C. W. Jones, aka
Charles W. Jones, fdba Charles W. Jones
Engineering, Inc., Bankrupt.
Charles W. JONES, Petitioner-Appellant,
v.
Richard P. B. TYSON, Respondent-Appellee.
 No. 74-1464.
 United States Court of Appeals,
Ninth Circuit.
 June 16, 1975.
 
 David B. Commons, Los Angeles, Cal., for petitioner-appellant.
 Harvey A. Schneider, Encino, Cal., for respondent-appellee.
 OPINION
 Before ELY and GOODWIN, Circuit Judges, and RENFREW,* District Judge.
 ELY, Circuit Judge:
 
 
 1
 The bankrupt, Charles W. Jones, commenced proceedings in late 1966 for the dissolution of his marriage to Margaret A. Jones. In March, 1971, a California Superior Court entered an Interlocutory Judgment on Dissolution of Marriage, which divided the couple's community estate equally[1] and ordered Charles to pay Margaret spousal support in the amount of $600 per month for 72 months.[2] The Judgment also ordered Charles to pay $3,500 in legal fees to Margaret's attorney, the appellee Tyson.[3]
 
 
 2
 In November, 1971, Charles filed a voluntary petition in bankruptcy. He listed as an unsecured debt the $3,500 he owed to Tyson by reason of the state court's Judgment. Tyson then filed an application in the Bankruptcy Court for a declaration that the $3,500 debt was nondischargeable. After a hearing, the bankruptcy referee[4] ruled that the debt was nondischargeable, and the referee's decision was upheld by the District Court. The bankrupt appeals.
 
 
 3
 Section 17(a)(7) of the Bankruptcy Act, 11 U.S.C. § 35(a)(7) (1970), provides that
 
 
 4
 (a) discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as . . . are for alimony due or to become due, or for maintenance or support of wife or child. . . .
 
 
 5
 Unbroken judicial precedent establishes that section 17(a)(7) exempts from discharge in bankruptcy those debts that are founded on the husband's legal obligation to support and maintain his wife and children. See, e. g., Wetmore v. Markoe, 196 U.S. 68, 25 S.Ct. 172, 49 L.Ed. 390 (1904); Norris v. Norris, 324 F.2d 826, 828 (9th Cir. 1963). Counsel fees awarded pursuant to the husband's obligation of support and maintenance are in the nature of alimony and are, therefore, nondischargeable. In re Nunnally, 506 F.2d 1024, 1027 (5th Cir. 1975) (Texas law); Damon v. Damon, 283 F.2d 571 (1st Cir. 1960) (Maine law); In re Hargrove, 361 F.Supp. 851 (W.D.Mo.1973) (Missouri law); In re Brennen, 39 F.Supp. 1022 (E.D.N.Y.1941) (New York law).[5]
 
 
 6
 The bankrupt contends, however, that the legal services for which he was ordered to pay Tyson related primarily to the division of his and Margaret's community property, not to his obligation for support and maintenance. Property settlements in marriage dissolution proceedings are not in the nature of alimony and are, therefore, dischargeable in bankruptcy. Goggans v. Osborn, 237 F.2d 186, 189, 16 Alaska 451 (9th Cir. 1956); In re Alcorn, 162 F.Supp. 206, 209 (N.D.Cal.1958); Roberts v. Roberts, 261 Cal.App.2d 424, 427, 68 Cal.Rptr. 59, 61 (1968). Jones argues, consequently, that debts incurred for legal fees arising from a property settlement should also be dischargeable, and he contends that the bankruptcy referee erred in refusing to hear testimony concerning the true purpose of Tyson's professional services.
 
 
 7
 California law makes no distinction between fees awarded for legal services related to the actual dissolution of marriage, child custody, and spousal support and those related to the division of community property. California courts are authorized to order either spouse, in any proceeding under the Family Law Act, Cal.Civ.Code § 4000 et seq., "to pay such amount as may be reasonably necessary . . . for attorneys' fees . . . ." Cal.Civ.Code § 4370 (West Supp. 1975).[6] The Family Law Act governs the division of community property. Cal.Civ.Code § 4800 (West Supp. 1975).
 
 
 8
 California courts have held that attorney's fees awarded pursuant to section 4370 are for the purposes of maintaining and supporting the economically disadvantaged spouse and enabling that spouse to secure adequate legal representation. The State's courts award attorneys' fees in marriage dissolution proceedings only upon a showing of necessity, taking into account the respective needs and incomes of the two spouses. See, e. g., In re Marriage of Mulhern, 29 Cal.App.3d 988, 995-96, 106 Cal.Rptr. 78, 83 (1973); In re Marriage of Jafeman, 29 Cal.App.3d 244, 263-65, 105 Cal.Rptr. 483, 496-97 (1972); Perry v. Superior Court, 7 Cal.App.3d 236, 243, 86 Cal.Rptr. 607, 611 (1970). The question whether the needs of one of the spouses are such that attorneys' fees should be awarded against the other is considered separately from the division of the community assets. In re Marriage of Jafeman, supra, 29 Cal.App.3d, at 264-65, 105 Cal.Rptr. at 496-97.
 
 
 9
 We recognize that spouses contemplating divorce might, in some instances, agree to consider legal fees as community liabilities and take such fees into account in equally dividing the community's assets. See In re Marriage of Jafeman, supra at 266-67, 105 Cal.Rptr. at 498; Wong v. Superior Court, 246 Cal.App.2d 541, 54 Cal.Rptr. 782 (1966). In such event, a requirement that one spouse pay the other's legal fees might be a dischargeable debt arising from the division of community assets.
 
 
 10
 Our review of the state court's Judgment in the instant case convinces us, however, that the bankruptcy referee correctly determined that such was not the situation with respect to Charles and Margaret Jones. The Judgment divides the couple's community property equally, without taking attorneys' fees into account, and then orders spousal support payments for Margaret. The court obviously concluded, in addition, that Margaret's earning abilities, assets, and needs were such that she should be unburdened of the $3,500 fee owed to attorney Tyson and that Charles was in the better position to pay the debt. We have no doubt that the award was ordered pursuant to section 4370 and that the award was, therefore, in the nature of alimony. The award is nondischargeable.
 
 
 11
 The nature of the award appears plainly from the face of the state court's Judgment; consequently, the bankruptcy referee did not err in refusing to hear testimony on the purpose for which Tyson's services were rendered.
 
 
 12
 The Order of the District Court, upholding the ruling of the Referee in Bankruptcy, is
 
 
 13
 Affirmed.
 
 
 
 *
 Honorable Charles B. Renfrew, United States District Judge, Northern District of California, sitting by designation
 
 
 [1]
 Cal.Civ.Code § 4800 (West Supp. 1975) requires that a couple's community property be divided equally upon dissolution of marriage. The statute in effect at the time of the March, 1971, Judgment dividing the Jones's community estate, Cal.Civ.Code § 4800 (West 1970) also required an equal division
 
 
 [2]
 Spousal support payments, in the nature of alimony, are authorized by Cal.Civ.Code § 4801 (West Supp. 1975). A similar provision, Cal.Civ.Code § 4801 (West 1970), was in effect in March, 1971
 
 
 [3]
 In California marriage dissolution proceedings, courts may make counsel fee awards payable directly to the attorney who is entitled to the fee. Cal.Civ.Code § 4371 (West. Supp. 1975) (effective July 6, 1970)
 
 
 [4]
 Referees in Bankruptcy are now known as Bankruptcy Judges. See Bankruptcy R. 901(7)
 
 
 [5]
 See also Loiseaux, Domestic Obligations in Bankruptcy, 41 N.C.L.Rev. 27, 37 (1962); cf. Glatt, Bankruptcy and Lawyers' Fees, 36 J.St.B.Cal. 223 (1961)
 
 
 [6]
 Cal.Civ.Code § 4370 (West Supp. 1975) became effective on July 6, 1970