[Civ. No. 53446. Second Dist., Div. Four. Feb. 15, 1979.]

In re the Marriage of LEE B. and SAM W. WINICK.
LEE B. WINICK, Appellant, v.
SAM W. WINICK, Respondent.

526

## COUNSEL

Hugo William Anderson, Jr., and Paul J. Crum for Appellant.

Jack Altman for Respondent.

## OPINION

**KINGSLEY, Acting P. J.**—The wife appeals from an interlocutory judgment of dissolution. We reverse the judgment.

The Winicks were married for 26 years and had four children, two of whom were minors at the time of the dissolution proceeding. The husband worked as a real estate broker, made investments, and engaged in investment counseling. In 1976, the year of the dissolution, his total gross income was approximately $23,600. He earned approximately $870 per month in commissions and $1,100 per month in investment income. The husband's income had been declining prior to 1976. He earned $38,000 in 1973, $31,000 in 1974, and $19,524 in 1975.

The wife worked during the first five years of the marriage. She ceased working until 1974, when she earned approximately $400. In 1975, as an employment counselor, she earned $5,110. At the time of trial, petitioner had eight weeks remaining in a real estate sales training course and had a job lined up, which she would assume upon completion of the course.

As a result of the community property division, the wife was to receive $584 per month in investment income, while the husband was to receive $407 per month. Each of these amounts was to be reduced by $55 per month two months after the parties entered into their stipulation at which time one trust deed was to have been paid off.

Under the terms of the interlocutory judgment appealed from, the husband must pay $150 per month as support for each of the two minor children in the wife's custody. These support payments are to continue until each child reaches majority, dies, marries, or becomes self-supporting, or until the court orders differently. In addition, the husband was ordered to pay $100 per month in spousal support for six months and $1 per month thereafter. He must also maintain Blue Cross coverage and pay certain medical expenses for the minor children.

The wife's primary attack in this appeal is directed against two elements of the support provision. She contends that the allowance to her of only $100 per month was inadequate and that it was error to reduce the support provision to a nominal $1 per month after six months. On the record before us we affirm the provisions so attacked.

I

*The $100 Per Month Support Order*

 A trial court has abused its discretion if no reasonable judge would have made a similar order under the same circumstances. (*In re Marriage of Lopez* (1974) 38 Cal.App.3d 93, 114 [113 Cal.Rptr. 58].) In deciding whether a trial court abused its discretion, an appellate court must resolve conflicts in the evidence and draw inferences from the evidence in the manner which best supports the trial court's judgment. (*Philbin* v. *Philbin* (1971) 19 Cal.App.3d 115, 119 [96 Cal.Rptr. 408].) When viewed in this manner, the facts of the instant case do not show that the trial court abused its discretion.

Civil Code section 4801 subdivision (a)[1] sets forth the criteria to be used in determining the appropriate amount of spousal support. In light of these criteria, the spousal support award in the instant case was not unreasonable.

For the original six-month period, the wife reasonably could expect to have available to her the following funds to support herself and the two minor children living with her:

$6,360 approximate investment income (calculated at $539 per month);

---

[1] Section 4801: "(a) In any judgment decreeing the dissolution of a marriage or a legal separation of the parties, the court may order a party to pay for the support of the other party any amount, and for such period of time, as the court may deem just and reasonable. In making the award, the court shall consider the following circumstances of the respective parties:

"(1) The earning capacity and needs of each spouse.

"(2) The obligations and assets, including the separate property, of each.

"(3) The duration of the marriage.

"(4) The ability of the supported spouse to engage in gainful employment without interfering with the interests of dependent children in the custody of the spouse.

"(5) The time required for the supported spouse to acquire appropriate education, training, and employment.

"(6) The age and health of the parties.

"(7) The standard of living of the parties.

"(8) Any other factors which it deems just and equitable."

$3,600 child support ($150 per month per child);

$ ·600 spousal support
$10,500 total

To this total, moreover, should be added the health insurance premiums and medical expenses to be paid by respondent on behalf of the minor children. Hence, as a result of the interlocutory judgment, petitioner and her two minor children could count on a yearly income of approximately $12,000 per year.

In addition, section 4801 mandates consideration of the earning capacity of each spouse. One may infer from the facts that the trial court imputed to the wife an earning capacity of at least $5,000 per year. At the time of trial, the wife was willing and able to work. She was taking a real estate sales course and had a job waiting for her. Furthermore, during 1975, she had earned more than $5,000. Accordingly, one could reasonably estimate that after the dissolution, the wife and her minor children would have at least $17,000 available to them each year. One could reasonably expect that the wife and her minor children could maintain their standard of living on that amount of money. This sum is over two-thirds of the 1976 family income, and no part of the $17,000 need be used to support the husband as did part of the 1976 family income.

The trial court's award of spousal support seems all the more reasonable when one considers the husband's earning capacity. From 1973 through 1975, the family income declined nearly 50 percent. In 1969, the husband's lucrative real estate business terminated, and he thereafter went from job to job; the husband experienced difficulty earning money, and most of the family income during this period consisted of payments on trust deeds.

The wife cites cases in support of the proposition that the spousal support award was inadequate. These cases are clearly distinguishable from the instant case. The court in *In re Marriage of Rosan* (1972) 24 Cal.App.3d 885 [101 Cal.Rptr. 295], held that a $400 per month spousal support order was an abuse of discretion. In contrast with the husband in the instant case, the husband in *Rosan* was clearly able to support his wife, who, unlike the wife in the instant case, had not worked during the 17 years of her marriage. Also, unlike the property settlement in the instant case, the property settlement in *Rosan* appears not to have provided the wife with the income-producing assets.

The court in *In re Marriage of Lopez, supra,* 38 Cal.App.3d at 114, held that the trial court abused its discretion by awarding the wife $200 per month in spousal support. The crucial difference between *Lopez* and the instant case is the fact that the husband in *Lopez* had net monthly earnings of $7,000, plus a monthly rental income of $1,078. In *In re Marriage of Hopkins* (1977) 74 Cal.App.3d 591 [141 Cal.Rptr. 597], the court held that a $300 per month spousal support award was an abuse of discretion. The employment prospects of the wife in *Hopkins,* however, was much bleaker than the employment prospects of petitioner in the instant case. At the time of trial, the wife in *Hopkins* was 60 years old and although she had been a member of the bar for 26 years, she had practiced law for only 8 months. The *Hopkins* court specifically stated that the wife's unlikelihood of securing employment as a lawyer was the reason it found the spousal support award inadequate. *Rosan, Lopez,* and *Hopkins* certainly do not stand for the proposition that, as a matter of law, the spousal support award in the instant case constituted an abuse of discretion.

## II

### *Step-down in Amount of Support From $100 Per Month to $1 Per Month*

■ The California Supreme Court has stated that a trial court should not terminate jurisdiction over spousal support after a lengthy marriage, unless the record clearly indicates that the supported spouse will be able to adequately meet her financial needs at the time selected for the termination of jurisdiction. (*In re Marriage of Morrison* (1978) 20 Cal.3d 437, 453 [143 Cal.Rptr. 139, 573 P.2d 41].) By requiring the husband to pay to the wife $1 per month indefinitely, the trial court in the instant case retained jurisdiction and, thus, met the requirements of *Morrison.*

Preliminarily, we consider the form of the order. In most cases, the approved form was to make the original support award run indefinitely, retaining jurisdiction for the husband to move for a reduction if future events showed that the wife's needs, because of increased capacity, justified a reduction or even a termination. Here, the form of the order casts on the wife the necessity, if the trial court's present expectation of her earning capacity should prove to be over optimistic, to become the moving party in securing an upward modification. We see no error in casting the order for continuing jurisdiction in that form. In fact, the more traditional form of order places the husband in the undesirable position of having to play detective on his former spouse in order to

insure that she does not conceal an increase in her income. The order before us places the burden of seeking modification on the party within whose knowledge the facts involved directly lies. The order herein involved is like the one approved in *In re Marriage of Smith* (1978) 79 Cal.App.3d 725 [145 Cal.Rptr. 205]. Since we sustain the original award in this case in reliance on the trial court's reasonable expectation of the wife's earning capacity, any material deviation from that expectation will show a "change in circumstances" that could support an upward modification.[2]

## III

### *Interlocutory Judgment Not in Keeping With the Stipulation of the Parties*

The wife contends that in the following respects, the interlocutory judgment did not conform with the stipulation of the parties:

1. It failed to provide for the payment of the community debts;

2. It specifically failed to provide for the payment of a debt owed Bank of America;

3. It failed to provide for the disposition of community stock and of assets known as the Hamilton Investments;

4. It did not order the husband to turn certain trust deeds over to the accounting firms of Adler, Genser & Hassen for collection.

The husband does not deny the wife's contention.

Consequently, the judgment is remanded to the trial court for the sole purpose of ensuring that, with respect to the four points stated above in this paragraph, it conforms with the stipulation of the parties. In all other respects, the judgment is affirmed. Neither party shall recover costs on this appeal.

Jefferson (Bernard), J., and Alarcon, J., concurred.

---

[2]Since the six-month period has already expired, we do not consider, or determine, whether a longer exploratory period should have been granted.