[No. A032324. First Dist., Div. Two. Apr. 24, 1987.]

In re the Marriage of NANCY CLAIRE and THOMAS WALTER HOFFMEISTER.
THOMAS WALTER HOFFMEISTER, Appellant, v.
NANCY CLAIRE HOFFMEISTER, Respondent.

352

**COUNSEL**

James G. Luce and Diemer, Schneider, Jeffers, Luce & Quillinan for Appellant.

Joyce L. Berenstein, Bruce S. Silverman, Dowgialo & Wolf and Bernard Wolf for Respondent.

## OPINION

**BENSON, J.**—This is an appeal from a postjudgment order which (1) awarded an increase in spousal support from $1,500 to $2,500 to respondent Nancy Hurtienne[1] and (2) modified the term of the existing support order which reduced the support to zero as of December 31, 1982, with jurisdiction of the court retained, to an order which continued the $2,500 spousal support until remarriage of respondent, death of either party or further order of the court. We reverse the order of the trial court.

### Procedural Background

This is the second time the issue of modification of spousal support in this case has come before this court. The order appealed from was entered after hearing on remand from a prior appeal. (*In re Marriage of Hoffmeister* (1984) 161 Cal.App.3d 1163 [208 Cal.Rptr. 345] [hereafter *Hoffmeister I*].)

The parties separated on September 22, 1979, after nearly 23 years of marriage. Appellant filed this action for dissolution of marriage. On March 13, 1980, trial was held on the issues of child custody and support, spousal support and attorney's fees. Jurisdiction was reserved on the remaining issues. On April 2, 1981, trial was held on those issues. An interlocutory judgment containing rulings from both hearings was entered on June 4, 1981. This interlocutory judgment awarded respondent custody of the parties' minor child,[2] spousal support of $1,500 and child support of $300 per month. In July 1981 the parties stipulated appellant would assume custody of the parties' minor son and his obligation to pay child support would cease. Respondent was awarded $153,438 cash as her share of the parties' community property.

In November 1981, just five months after the interlocutory judgment was entered, respondent brought a motion for modification of spousal support seeking an increase to $3,250 per month on the grounds appellant's earnings and assets had dramatically increased and she could not exist on the amount of spousal support she was receiving. Hearing on the motion was continued to February 8, 1982. On February 24, 1982, an order was filed awarding respondent $2,500 per month in support and amending the previous order to provide that support would continue until her remarriage, the death of either party or further order of the court. This February 1982 order was the subject of the first appeal on grounds that (1) appellant was denied a fair

---

[1]The judgment of dissolution ordered respondent's maiden name be restored.
[2]The two other children of the marriage had already reached majority.

hearing, (2) increased earnings of appellant alone is insufficient grounds for an increase in support, and (3) there was no evidence to support a change in duration of support.

In *Hoffmeister I* this court reversed the order of the trial court on the determination that appellant had not received a fair hearing because the trial court refused to grant appellant's motion for a continuance after respondent had filed an amended income and expense declaration and additional points and authorities three days before the hearing.

On remand, the trial court on June 10, 1985, issued an identical order to that issued on February 24, 1982, granting respondent $2,500 per month spousal support and changing the duration of the order to provide continued support until remarriage, death of either party or further order of the court.

While the appeal of the trial court's first order was pending, the trial court granted respondent's motion for a modification of the original spousal support order and awarded her $2,000 per month and also awarded her $2,500 toward attorney's fees and costs on appeal. This order expired by its own terms when the matter was remanded to the trial court but appellant has voluntarily continued to pay $2,000 per month.

## Contentions of Appeal

Appealing from the June 14, 1985 order, appellant now asserts: (1) there is no substantial evidence to support the increase in the amount of spousal support; (2) there is no substantial evidence to support the modification of the duration of that support; (3) appellant was again denied a fair trial in that the statement of decision issued by the trial court was ambiguous and incomplete; and (4) attorney's fees were improperly awarded to respondent.

Respondent contends she proved changed circumstances by showing appellant's increased ability to pay and her continuing unmet needs as defined by her standard of living during marriage. She also asserts the statement of decision was clear and complete, the extension of the support order was proper and the award of attorney's fees to her was correct. Respondent requests damages on the grounds the appeal is frivolous under Code of Civil Procedure section 907 and California Rules of Court, rule 26(a).

## The Appeal

Whether a modification of a spousal support order is warranted depends upon the facts and circumstances of each case, and its propriety rests

in the sound discretion of the trial court the exercise of which this court will not disturb unless as a matter of law an abuse of discretion is shown. (*Dean v. Dean* (1963) 59 Cal.2d 655, 657 [31 Cal.Rptr. 64, 381 P.2d 944]; *Bratnober v. Bratnober* (1957) 48 Cal.2d 259, 261-262 [309 P.2d 441]; *Kornblatt v. Kornblatt* (1970) 9 Cal.App.3d 619, 625 [88 Cal.Rptr. 438].) ■ Where statement of decision sets forth the factual and legal basis for the decision, any conflict in the evidence or reasonable inferences to be drawn from the facts will be resolved in support of the determination of the trial court decision. (*Primm v. Primm* (1956) 46 Cal.2d 690, 693-694 [299 P.2d 231]; *Leupe v. Leupe* (1942) 21 Cal.2d 145, 152 [130 P.2d 697]; *In re Marriage of Garrity & Bishton* (1986) 181 Cal.App.3d 675, 687 [226 Cal.Rptr. 485].)

At the hearing following remand, respondent rested on the evidence she had produced at the February 1982 hearing together with her current income and expense declaration. Appellant stipulated to his ability to pay increased spousal support and thus filed no current income and expense declaration. We have been asked to review the record on the first appeal in addition to the current record and have done so.

Four income and expense declarations of respondent were in evidence before the trial court. The first declaration was dated December 28, 1979, approximately three months after the parties had separated, and was originally attached to respondent's reply pretrial statement. This declaration showed zero income and expenses of $2,176 for respondent and one minor child. Appellant's income and expense declaration filed at the same time showed a gross income of $4,775, a net income of $2,888 and expenses of $2,596.

At the time of respondent's February 1982 motion to modify her spousal support, she filed two income and expense declarations. The first declaration showed gross income of $1,579, net income of $1,379 and expenses for herself alone of $2,416. The second declaration showed the same gross income, net income of $1,362 and expenses of $2,737. Appellant's income and expense declaration filed at this time showed gross income of $11,658, net income of $6,164 and expenses for himself and some expenses for the parties' three adult children of $5,651.

I

We will initially address appellant's contention that the statement of decision filed by the court was incomplete and ambiguous. Code of Civil Procedure section 632 requires that "... the court shall issue a statement of

decision explaining the factual and legal basis for its decision as to each of the principal controverted issues at trial." Appellant objected to the statement of decision issued by the trial court under Code of Civil Procedure section 634.[3]

Appellant listed 10 objections to the statement of decision issued by the trial court. Appellant's claims can be summarized as follows: the statement fails to set forth the evidence relied on to support a finding of changed circumstances which would support an increase in the amount of spousal support and a change in the duration of the support; the statement refers to a particular social setting of respondent without stating what that is and without referring to any evidence; there is no reference to evidence the court relied on to find respondent's needs ever were or exceeded $2,176 since that figure included expenses for one dependent; and there is no reference to evidence to support a finding respondent does not have the ability to pay her attorney.

In *In re Marriage of Davis* (1983) 141 Cal.App.3d 71, 78 [190 Cal.Rptr. 104] the court stated that the factors listed in Civil Code section 4801 provide guidelines to the court in making the required findings after a hearing to modify an existing support order. The court listed as the necessary factors: the earning capacity and needs of each spouse; the assets and debts of each spouse; the duration of the marriage; the ability of the supported spouse to engage in gainful employment without hampering the interests of dependent children; the time required for the supported spouse to obtain employment; the age and health of the parties; and changed circumstances since the initial order. *In re Marriage of Hargrave* (1985) 163 Cal.App.3d 346, 353-354 [209 Cal.Rptr. 764], teaches that the finder of fact must set forth in the statement of decision the factual and legal basis for decision as to each contested issue. In *People v. Casa Blanca Convalescent Homes, Inc.* (1984) 159 Cal.App.3d 509, 524 [206 Cal.Rptr. 164, 53 A.L.R.4th 661] the court approved a statement of decision which "fairly and completely sets forth the factual and legal basis for the court decision" and "lists all the ultimate facts necessary to decide the issues placed in controversy by the pleadings." "What is required is an explanation of the factual and legal basis for the court's decision as to the principal controverted issues at trial which are specified in the party's request for statement of decision. Where the court

---

[3]Section 634 provides: "When a statement of decision does not resolve a controverted issue, or if the statement is ambigious and the record shows that the omission or ambiguity was brought to the attention of the trial court either prior to entry of judgment or in conjunction with a motion under Section 657 or 663, it shall not be inferred on appeal or upon a motion under Section 657 or 663 that the trial court decided in favor of the prevailing party as to those facts or on that issue."

fails to make the required explanation reversible error results." (*McCurter v. Older* (1985) 173 Cal.App.3d 582, 593 [219 Cal.Rptr. 104].)

Appellant's reliance on the holding in *Miramar Hotel Corp. v. Frank B. Hall & Co.* (1985) 163 Cal.App.3d 1126 [210 Cal.Rptr. 114] is misplaced. In that case the trial court issued a minute order which merely stated in summary that there was no justifiable reliance on any representation, there was no contract for indemnity and there was no right to attorney's fees. The appellate court found that the minute order did not constitute a statement of decision and held failure to issue a statement of decision is per se reversible error. Here, the trial court issued its statement of decision.

■ Appellant requested clarifications and additions to that statement under the provisions of section 634 of the Code of Civil Procedure. The court then issued an addendum to statement of decision stating it found no ambiguity and believed all issues were covered in its original statement. " 'Where such a request has been made and denied the judgment must stand or fall on the finding expressly made unless the evidence on the issue in controversy is undisputed, is of such a nature that it reasonably cannot be disbelieved, and no conflicting inferences can be drawn therefrom. [Citations.]' " (*Kerr Land & Timber Co. v. Emmerson* (1965) 233 Cal.App.2d 200, 222 [43 Cal.Rptr. 333].)

■ The statement of decision issued by the court provided, inter alia, "At the time of the original trial before Judge Ice on March 13, 1980, *Wife* showed a need of $2,176. *Husband* showed a net income of $2888 and expenses of $2,596 leaving $292 available for support (plus a contingent unspecified bonus.) Judge Ice fixed spousal support at $1500/month. From the face of the documents considered by the court it is clear that $1500 would not meet *Wife's* needs, but it must be assumed that Judge Ice believed that was all that Husband could afford."

This finding of the trial court is clearly deficient. A trial court cannot base its finding on an assumption unsupported by the record. (*In re Marriage of Hargrave, supra,* 163 Cal.App.3d 346, 353.) It appears that the parties failed to request a statement of decision from Judge Ice; the record contains no such statement. Nothing in the record supports the stated assumption that the support order issued by Judge Ice was predicated on his belief that it did not meet respondent's needs. Judge Ice may very well have examined respondent's claims at trial, beyond what appeared on the face of her declaration, and concluded that his award met respondent's actual needs. We simply do not know, nor did the trial judge here know what transpired at that trial, nor what motivated Judge Ice to make the order he made. No independent

analysis of respondent's actual needs at time of separation was undertaken by the trial judge here. Had that analysis been undertaken, there might have been an evidentiary basis for a determination of unmet needs. As the record stands that determination was based on speculation as to the state of mind of Judge Ice. We, therefore, will not imply a finding against appellant on the issue of whether the original order met respondent's needs at the time it was made. (*In re Marriage of Ramer* (1986) 187 Cal.App.3d 263, 271 [231 Cal.Rptr. 647].)

The statement of decision also provided: "This court has scrutinized all the expenses of Wife established by the evidence, including those on her financial declaration filed February 5, 1982. With twenty years of experience working with family law cases in private practice and on the bench this court does have the ability to quickly recognize exaggerated expenses and as quickly recognize legitimate expenses. *Wife's* financial declaration shows very realistic and legitimate expenses taking into consideration all of the subjective and objective aspects of a woman her age and in her status in a particular social setting. If anything, her estimated needs are understated."

Appellant accurately points out that if respondent had spent the amounts listed as expenses on these declarations she would be in debt over $40,000 and that respondent admitted at the hearing on remand that she has no such debt. Appellant also points to the testimony of respondent in both hearings in which she admitted that she did not spend some of the amounts listed in her declarations, that other amounts were guesses or estimates which she had no records to support, and that specifically she had not spent some of the amounts listed as expenses in her 1982 income and expense declaration.[4] In fact the record shows respondent has saved $4,000 between 1983 and 1985 which has been placed in an IRA account, that she lent her son $1,000 for

---

[4]Respondent testified with respect to her February 1982 declaration she did not spend the following amounts: $35 for maintenance of her residence, $250 for food and household supplies, $150 for clothes, $57 for insurance and $180 for automobile expense. She also testified the $1,400 listed as an annual expense for tax advice and legal fees had not been paid and was a guess of what she would need to pay. She also admitted she had not set aside a claimed emergency fund of $500. At the hearing on remand, respondent testified concerning her January 1985 declaration that listed expenses for maintenance of $75 and food of $275 were guesses based not on records but on her recollection of what she might or might not have spent. She admitted the claimed expenses of $175 for clothing and $50 for medical and dental expense could have been higher or lower since she had no records. She stated her claimed expenses of $160 for telephone and utilities, $50 for laundry and cleaning, $100 for incidentals and $150 for transportation were estimates not based on any records. She agreed that her claimed annual expenses of $350 at the beauty salon, $150 for vitamins and minerals and $600 for gifts were estimates that could be higher or lower. She also listed on this declaration a $275-per-month expense for payments to her attorney for services rendered for past hearings and for the first appeal of this matter.

362

college expenses, that she omitted from her latest declaration a money market fund account which contained $800 and her checking account funds.

A court can consider amounts saved by the supported spouse in determining whether that spouse could live on the amount of support granted in the prior award. (*In re Marriage of Aufmuth* (1979) 89 Cal.App.3d 446, 459 [152 Cal.Rptr. 668].)

While this court appreciates that a party's income and expense declaration often will lack exactitude and will not infrequently necessitate estimates, these practical considerations should not be construed as a license to tender a deceptive picture of the party's circumstances. Mindful also of the time constraints imposed on every trial judge and the very difficult task of sifting out fact from fiction, it nevertheless remains the duty of the trial judge to remain ever vigilant to exaggeration and falsification. Where such is uncovered the credibility of the declarant is put in issue as is the probative value of the declaration.

Respondent does not contend on appeal that she has spent the amounts listed as expenses in her four income and expense declarations. Instead, she argues that these figures represent the amount she needs to maintain the standard of living she had during marriage. At the hearing on remand, however, she testified the expenses listed on her income and expense declaration were estimates of the amounts she did spend based upon her recollection. She admitted she had no records of expenses and that the actual amounts could have been higher or lower than the amounts she listed.

Respondent cites to evidence she produced at the second hearing concerning the standard of living of the parties during marriage. Specifically, she points to evidence that the parties had lived in a three bedroom home worth $325,000,[5] had taken vacations in the years just prior to their separation including trips in 1979 to Hawaii and Florida which were paid for by appellant's employer and that in 1978 she had taken a vacation to Europe for five weeks at a cost of $2,500. She also told of trips to Mexico City and Puerto Rico. The couple had two cars, one a 1974 Capri owned by the parties and the other a 1978 Toyota Celica leased by them. Evidence was also presented at the first hearing that the parties set aside community funds for their daughter and son to finish college.

Respondent, however, offered no evidence of the amount of money spent

[5]This figure represents the sale price of the condominium. The record does not show when the condominium was purchased or the purchase price. In respondent's trial statement dated April 1, 1981, she claimed the condominium had a fair market value of $260,000.

by her for her own purposes during marriage nor any evidence of the overall expenditures of the parties during marriage. She failed to relate the expenses listed on her financial declarations to expenditures during marriage. (See *In re Marriage of Rosan* (1972) 24 Cal.App.3d 885, 894 [101 Cal.Rptr. 295] [evidence of high standard of living during marriage shown by evidence wife spent liberally for clothes and beauty salons and by statement relating her current expenses to the overall expenditures of the parties during marriage].) The record also shows that respondent worked full time as a nurse for four and one-half years during the marriage and worked part time two nights a week at another time during marriage, and that husband's gross salary at the date of separation was $4,225.

Appellant stipulated at trial that he had the financial resources to pay the spousal support sought by respondent. He argues that the expenses set forth in respondent's various income and expense declarations represent her wishes and desires rather than her needs. ■ He asserts the needs must bear some relationship to the standard of living of the parties during their marriage and not the standard of living of the supporting spouse at the time of the modification hearing. We agree.

■ The trial court made no finding concerning the standard of living of the parties during marriage. To fill this void, the trial court assumed the prior order of the court did not meet her expenses at the time of the trial. The trial court then compounded this error by allowing respondent increased support based upon the ability of the supporting spouse to pay, unlimited by the standard of living of the parties during marriage. (*In re Marriage of Andreen* (1978) 76 Cal.App.3d 667, 671 [143 Cal.Rptr. 94].) ■ While certainly a trial court can rely on its own experience in family law matters to aid in evaluating the legitimacy of expenses, that experience cannot be utilized to provide evidence which is otherwise absent.

In *Hoffmeister I* we stated for the guidance of the trial court on remand: "In order to qualify for an increase in spousal support, the supported spouse must demonstrate two things: first, that material circumstances have significantly changed since the time of the last prior award and, second, that the reasonable present needs of the supported spouse are not being satisfied." (*In re Marriage of Hoffmeister, supra,* 161 Cal.App.3d at p. 1172.) We explained that where the changed circumstances relate solely to the supporting spouse's ability to pay, "the supported spouse must demonstrate —*in addition* to the other spouse's increased ability to pay—that his or her need is not being satisfied by the existing spousal support award. This can be accomplished, as it was in *Sammut,* [*Sammut* v. *Sammut* (1980) 103 Cal.App.3d 557 (163 Cal.Rptr. 193)] by evidence that, although the

supported spouse's need has not increased, such need was never satisfied, or at least is not now being satisfied, by the last previous award at the time it was made and that need has not decreased." (*In re Marriage of Hoffmeister, supra,* 161 Cal.App.3d at pp. 1173-1174.)

This quoted language in *Hoffmeister I* has been the subject of criticism based on the possibility that some might read the case as holding that ". . . once there is an increase in the payor's ability to pay, the recipient is entitled to have his or her needs met as they *presently* exist." (Italics in original.) (See Adams & Sevitch, Cal. Family Law Practice (7th ed. 1986) § N.97.2; 2 Cal. Marital Dissolution Practice (Cont.Ed.Bar Supp. 1987) pp. 154-155.) Nothing in *Hoffmeister I* justifies this interpretation.

■ *Hoffmeister I* instructs that although changed circumstances can be based on an increased ability to pay, the supported spouse must also show that his or her needs at the time of separation were never met. The supported spouse may demonstrate this by showing that the payor did not have the financial resources to meet those needs at the time of separation. Further, a showing that the supported spouse's postseparation needs have in fact increased due to a change in that spouse's circumstances, such as a change in the health of the supported spouse which precludes employment, coupled with an increased ability to pay, will support a modification. In *Hoffmeister I,* we relied on *In re Marriage of Cobb* (1977) 68 Cal.App.3d 855, 860-861 [137 Cal.Rptr. 670] and *Sammut* which set forth these principles.

■ We have declined to imply a finding that the spousal support awarded in the interlocutory decree did not meet respondent's needs. ■ We also decline to imply a finding that respondent had a standard of living at the time of separation of the parties that was higher than that provided by the prior award. ■ The trial court referred to "a particular social setting" in its statement of decision. Appellant asked the trial court to explain the term and to set forth the evidence relied on by the court to establish the standard of living of the parties. The trial court did neither.

Absent these findings the order of the trial court must be reversed. ■ Unless respondent can establish by credible evidence that she had a standard of living at the time of separation of the parties that was higher than that provided by the prior award, her motion for modification is no more than an attempt to collaterally attack the prior decree. This is impermissible. (*In re Marriage of Mulhern* (1973) 29 Cal.App.3d 988, 992 [106 Cal.Rptr. 78].) Nor can modification be justified upon the ground that there exists a continuing disparity between respondent's income and expenses. This too would constitute "an unwarranted collateral attack" upon the decree. (*In re*

*Marriage of Farrell* (1985) 171 Cal.App.3d 695, 702-703 [217 Cal.Rptr. 397].)

## II

We next address the propriety of the trial court's order modifying the duration of support. During marriage respondent was employed as a registered nurse. In 1977, prior to the parties' separation, she entered college to obtain a degree in interior design. She planned to obtain her degree in June 1983. The original spousal support order provided that support would cease in December 1982, with the court retaining jurisdiction. The order which is the subject of this appeal modified the duration of support to provide that the award of $2,500 would continue until the remarriage of respondent, the death of either party or further order of the court.

To justify a continuation of support, respondent has the burden to show a change of circumstances since the initial award, which may be in the form of a deviation from those reasonable expectations of her ability to become self-supporting within a certain period of time. (*In re Marriage of Winick* (1979) 89 Cal.App.3d 525, 531 [152 Cal.Rptr. 635]; *In re Marriage of Jacobs* (1980) 102 Cal.App.3d 990, 993 [162 Cal.Rptr. 649].) Respondent must also show she has made an effort to become self-supporting. (*In re Marriage of Benson* (1985) 171 Cal.App.3d 907, 914 [217 Cal.Rptr. 589].) Appellant need not show that her failure to obtain employment consistent with her training and ability is due to bad faith. A showing of poor judgment of a supported spouse in pursuing a certain career is sufficient to support denial of a modification of a support order. (*In re Marriage of Sheridan* (1983) 140 Cal.App.3d 742, 749 [189 Cal.Rptr. 622].)

Appellant points to the testimony of his expert witness who was a career vocational counselor. The expert testified that a person of respondent's qualifications should have obtained employment which paid $17,000 to $25,000 as a starting annual salary. In his opinion, respondent had not been sufficiently motivated to do a proper job search.

Respondent testified concerning her efforts to obtain employment and introduced evidence of telephone calls she made, letters she wrote and an ad she placed in a trade magazine. She testified she felt an obligation to herself to become self-supporting in her career as soon as possible.

There may well have been credible evidence presented from which the trial court could have concluded respondent was seeking to support

herself but needed more time to do so and so spousal support should be continued. Again, however, the trial court relied on a reason not presented at the trial in its statement of decision. The court found "that Judge Ice's decision to reduce spousal support on December 31, 1982 was based on a hope and anticipation that *Wife* would no longer need financial assistance after that date." Nothing in the record supports this finding by the trial judge. The assumption that Judge Ice's "hope and anticipation" was the basis for the finding is highly and impermissibly speculative. Without a statement of decision from Judge Ice it is impossible to know whether the prior order was based upon an expectation of future circumstances. Here, the order continuing spousal support is also predicated in part on the court's determination that respondent is entitled to increased spousal support. Since we have reversed that portion of the order, we must also reverse this determination.

### III

Appellant's final contention is that the award of attorney's fees to respondent was improper. The court stated in its statement of decision that respondent did not have the ability to pay her attorney's fees and that appellant did have the ability. Although appellant objected that the court failed to refer to any evidence to show respondent did not have the ability to pay attorney's fees, the court failed to correct the statement. For the reasons set forth in our earlier discussion, we also decline to imply a finding to support that respondent could not afford this expense. ▮ Where a court has found a change of circumstances such as to require an increased spousal support, there is an implication the supported spouse is unable to pay the cost of the litigation. Since we have reversed the increase in spousal support, this award should also be reevaluated by the trial court. (*In re Marriage of Mulhern, supra,* 29 Cal.App.3d at p. 996.)

### IV

Respondent seeks damages contending *Hoffmeister I* gave clear instruction which the trial court followed on rehearing and thus this appeal is frivolous. Respondent cites *In re Marriage of Stich* (1985) 169 Cal.App.3d 64 [214 Cal.Rptr. 919] in which case the appellate court itself raised the issue of sanctions where the record showed the husband had threatened never to pay wife spousal support unless wife dismissed the dissolution proceeding. *In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650-651 [183 Cal.Rptr. 508, 646 P.2d 179] teaches care in imposing sanctions to avoid a "serious chilling effect on the assertion of litigants' rights to appeal." ▮ Evidence of bad faith or prosecution of an appeal for an improper reason such as to delay the effect of an adverse order when coupled with a lack of merit of the points

raised on appeal form a basis for sanctions. Where, as here, there is no question but that this appeal was taken in good faith and that appellant had reasonable grounds for appeal, there is no basis for sanctions.

The orders of the trial court awarding increased spousal support, modifying the duration of spousal support and awarding attorney's fees to respondent are reversed and the matter is remanded to the trial court for further proceedings.

Each party shall bear his or her own costs on appeal.

Kline, P. J., and Rouse, J., concurred.

A petition for a rehearing was denied May 18, 1987, and respondent's petition for review by the Supreme Court was denied July 15, 1987.