[No. B191655. Second Dist., Div. Eight. Aug. 20, 2007.]

In re the Marriage of RAFAEL and MICHELLE RUELAS.

RAFAEL RUELAS, Appellant, v.
STANLEY HERNANDEZ et al., Respondents.

STANLEY HERNANDEZ et al., Plaintiffs and Respondents, v.
RAFAEL RUELAS, Defendant and Appellant.

COUNSEL

Law Offices of Tamila C. Jensen and Tamila C. Jensen for Defendant and Appellant.

Linda T. Barney for Plaintiffs and Respondents.

OPINION

FLIER, J.—Respondents Stanley Hernandez and Isabel Hernandez (hereinafter sometimes collectively the Hernandezes) filed an action seeking to quiet

title to a condominium in which they reside. Michelle Ruelas (not a party to this appeal) and appellant Rafael Ruelas were named defendants in the action. The trial court held for the Hernandezes after a bench trial. Rafael Ruelas appeals from the judgment, which we affirm.

## FACTS

Michelle Ruelas is the Hernandezes' daughter; she married appellant in 1997 and they were separated in 2002.

In March 1996 the Hernandezes entered into a lease with Kathleen Dell (not a party hereto) for a condominium located in Reseda. The lease included an option to purchase the condominium. The Hernandezes paid $3,300 for the option and agreed to pay $300 per month to maintain the option in addition to $900 in monthly rent.

The condominium was sold to the Hernandezes under the terms of the option agreement[1] in 1998 for $94,100. The loan that financed the sale, however, was obtained by Michelle,[2] who was the named borrower. Michelle took title to the condominium as "Michelle Hernandez, single woman" in January 1999, while she was still married and living with appellant. The check for the downpayment was written by appellant, but the source of the money was a loan by Isabel Hernandez's brother. The mortgage statements came to Michelle; her father, Stanley Hernandez, opened an account for Michelle at his credit union and each month he deposited sufficient funds for the mortgage and the impounds, for which Michelle would write the monthly check. The Hernandezes began taking the interest deduction generated by the mortgage in 2001; Michelle and appellant did not take the interest deduction.

Michelle filed a petition for dissolution of the marriage in 2003. She did not list the condominium as a community asset. Appellant also petitioned for dissolution in 2003 and he listed the condominium in which the Hernandezes were living as a community asset. The dissolution proceedings were consolidated with the quiet title action filed by the Hernandezes.

Appellant took the position in the dissolution proceedings and in response to the action filed by the Hernandezes that he, as a realtor, negotiated the purchase of the condominium for himself and Michelle, and that the condominium was a community asset. He explained Michelle taking title as a single woman by stating that this would enable her to qualify for an owner-occupied mortgage loan.

---

[1] The option period had actually lapsed but the option was treated as if in force.

[2] We refer to Michelle by her first name for clarity's sake, and intend no disrespect.

## THE STATEMENT OF DECISION

After noting the foundational facts we have summarized, and the rule that property acquired during the marriage is presumed to be community property, the trial court found in the statement of decision that in this case that presumption was rebutted. The trial court noted that appellant was an active participant in setting up the lease option and that the eventual purchase was structured as it was because the Hernandezes had very poor credit. The trial court went on to find: "According to [Michelle's] testimony, it was [appellant's] suggestion to put the property in her [Michelle's] name and they could quitclaim the property to her parents at a subsequent time." The court found that the community has advanced some funds for the property and, in satisfaction of this obligation, ordered in the dissolution proceedings Michelle to reimburse appellant the sum of $4,230.

The court found that the condominium was not Michelle and appellant's community property and awarded title to the property, and judgment, in favor of the Hernandezes.

## DISCUSSION

■ When a transfer of real property is made to one person, and the consideration therefor is paid by or for another, a trust is presumed to result in favor of the person by or for whom such payment is made. "The trust that is 'presumed to result' from this situation is termed a 'resulting trust'; its purpose is to enforce the intentions of the parties. It is distinguished from a constructive trust, which is typically imposed to rectify fraudulent behavior." (*Johnson v. Johnson* (1987) 192 Cal.App.3d 551, 556 [237 Cal.Rptr. 644].) "A resulting trust differs from an express trust chiefly in that (1) it arises by operation of law, without an expressed intent, and (2) the resulting trustee ordinarily has no duty other than to transfer the property to the person entitled. [Citations.]" (13 Witkin, Summary of Cal. Law (10th ed. 2005) Trusts, § 311, p. 885.)

■ "Where statement of decision sets forth the factual and legal basis for the decision, any conflict in the evidence or reasonable inferences to be drawn from the facts will be resolved in support of the determination of the trial court decision." (*In re Marriage of Hoffmeister* (1987) 191 Cal.App.3d 351, 358 [236 Cal.Rptr. 543].)

We address appellant's contentions with the foregoing principles in mind.

Appellant contends: "In this case, Hernandez did not negotiate the purchase, were not parties to the escrow, did not make the installment payments,

all of which we[re] made by Michelle, did not receive the invoices for the monthly payments. Although Hernandez transferred funds into Michelle's account this is no different than a tenant would do when paying rent."

Dell, the seller, Isabel and Stanley Hernandez, and Michelle all testified that, at the time of the purchase of the condominium, it was intended that Michelle would take title for the benefit of her parents in order to effect the sale that would not otherwise have transpired because the Hernandezes could not qualify for mortgage financing. Stanley Hernandez testified that, after he opened an account for Michelle at his credit union, he would each month transfer sufficient funds for the mortgage payment and the impounds from his account directly into Michelle's account. He was quite clear in his testimony that this was to pay the mortgage, and that it was not a payment of rent.

Appellant's contention that the Hernandezes did not make the installment payments runs afoul of the fundamental rule that when, as here, there is substantial evidence that supports the finding of the statement of decision, conflicting evidence is disregarded. Stanley Hernandez's testimony that the arrangement was intended to, and did, put Michelle in a position to make the mortgage payments in lieu of her parents is substantial evidence that supports the trial court's finding. Indeed, this testimony squares with Dell's and Isabel's that it was at all times everyone's intent and understanding (appellant included) that Michelle would take title for the benefit of her parents and that the mortgage payments would actually be made by her parents. On appeal, appellant's contrary testimony is disregarded.

Appellant points to the fact that because the Hernandezes made improvements on the property after the purchase, no resulting trust was created. Appellant's contention is based on the principle espoused by a few cases that no resulting trust arises unless the payment is made before or at the time of the conveyance, i.e., events after the sale are not germane in determining whether a resulting trust was created. Witkin refers to this as mostly dicta in the cases where the principle appears, and points out that this view was correctly rejected in *Stone v. Lobsien* (1952) 112 Cal.App.2d 750 [247 P.2d 357]. (13 Witkin, Summary of Cal. Law, *supra*, Trusts, § 317, p. 891.) In *Stone v. Lobsien*, a husband and wife of small means were assisted by the defendant in buying a house, much as in the case at bar. The defendant signed on the secured note and received title. The appellate court rejected the contention that events, i.e., payments made, after the sale were not material, and held that it was sufficient to show a resulting trust when, as in the case at bar, the husband and wife promised to and did make the mortgage payments after the sale. (*Stone v. Lobsien*, *supra*, at p. 755.)

Without citing to the record, appellant contends that the evidence of the discussion about the purchase of condominium was "uncertain, indefinite, and

vague." Contentions based on factual assertions that are not supported by references to the record violate rule 8.204(a)(1)(C) of the California Rules of Court and may be disregarded. (*Yeboah v. Progeny Ventures, Inc.* (2005) 128 Cal.App.4th 443, 451 [27 Cal.Rptr.3d 150].) In any event, we find nothing vague or uncertain in Stanley Hernandez's testimony about the arrangements he made to effect the mortgage payments, nor in his testimony, and that of Dell, Isabel and Michelle about the intent to transfer title to Michelle for the benefit of Michelle's parents.

Appellant contends that the statement of decision contains no finding that the Hernandezes "paid anything toward the purchase." While appellant is correct in noting that the statement of decision does not contain such a finding, there is nothing in the record to show that this defect, if it is a defect, was brought to the attention of the trial court; the matter was therefore waived. (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1138 [275 Cal.Rptr. 797, 800 P.2d 1227].) Be that as it may, as we have noted, the record contains the clear and unequivocal testimony of Stanley Hernandez that he made the mortgage payments with Michelle as his intermediary.

Appellant seizes on a number of facts found by the trial court and attempts to draw inferences from those facts that contradict the trial court's conclusions. As an example, appellant contends that the fact that the Hernandezes had poor credit supports the inference that they did not in fact buy the condominium because, due to their credit rating, they could not do so. On appeal, however, inferences are drawn in favor of the determination reached by the statement of decision. (*In re Marriage of Hoffmeister, supra,* 191 Cal.App.3d 351, 358.) We therefore decline the invitation to draw unfavorable inferences from the facts found by the trial court.

Appellant contends that the trial court failed to apportion the property between appellant and the Hernandezes. This contention is based on the claim that appellant and Michelle contributed, while married, toward the purchase price of the condominium. The trial court was not required to apportion the property, but had discretion, which it exercised, to fashion an appropriate division of community property (*In re Marriage of Connolly* (1979) 23 Cal.3d 590, 603 [153 Cal.Rptr. 423, 591 P.2d 911]); in this case, the problem that presented was the expenditure of relatively limited community assets on the property. The court resolved that problem by ordering Michelle to pay appellant $4,230, a decision that is eminently sound, and which Michelle has not appealed.

Appellant contends at some length that Michelle could not, and did not, exercise the option to buy the condominium. The point of this argument is

difficult to see,[3] in view of the fact that it is undisputed that Dell sold the condominium and that Michelle was the buyer of record. While appellant disputes that the Hernandezes paid the downpayment and the ensuing mortgage payments, there is substantial evidence that they did so. Thus, whether or not the sale was effected by the exercise of the option is entirely irrelevant; the fact is that the sale took place, that Michelle took legal title on behalf of her parents, and that the Hernandezes paid for the property.

Citing Evidence Code section 662,[4] appellant claims that there is no "clear and convincing proof" that Michelle, who holds the legal title, is not the owner of the beneficial title. Appellant is mistaken. The clear and convincing proof requirement operates in the trial, and not the appellate, court. The substantial evidence rule that applies on appeal, applies without regard to the standard of proof applicable at trial. "The standard of review on appeal remains the same whether the normal 'preponderance of the evidence' standard or the higher 'clear and convincing evidence' standard applied in the proceedings below. [Citations.]" (Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2006) ¶ 8:63, p. 8-25 (rev. # 1, 2006).) In any event, the nearly overwhelming weight of the evidence in this case is that Michelle intended to, and did, take legal title in her name for the benefit of her parents.

Finally, we find irrelevant appellant's contention that Michelle "failed to disclose to [appellant] her late claim that the [condominium] was not community" property until the time of trial. Even if true, this has absolutely nothing to do with the elements of a resulting trust.

■ In sum, we find that, much like in *Stone v. Lobsien, supra,* 112 Cal.App.2d 750, the facts show that there is a resulting trust in favor of the Hernandezes. Indeed, it could be said that this case comes close to a paradigm of a resulting trust.

---

[3] Presumably, the point of the argument is that if Michelle never exercised the option under the original Dell-Hernandez agreement, the condominium could not have been bought by or on behalf of the Hernandezes, but that it was bought by appellant and Michelle. The premise of this argument is untenable, since Dell and the Hernandezes were obviously free to ignore the option clause, which in any event had lapsed at the time the condominium was sold by Dell.

[4] "The owner of the legal title to property is presumed to be the owner of the full beneficial title. This presumption may be rebutted only by clear and convincing proof." (Evid. Code, § 662.)

## DISPOSITION

The judgment is affirmed. Respondents are to recover their costs on appeal.

Rubin, Acting P. J., and Boland, J., concurred.