Filed 8/4/16  Graff v. CitiMortgage CA2/6
## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| RICHARD L. GRAFF et al., <br><br>   Plaintiffs and Appellants, <br><br> v. <br><br> CITIMORTGAGE, INC., et al., <br><br>   Defendants and Respondents. | 2d Civil No. B263825 <br> (Super. Ct. No. 56-2012-00421241) <br> (Ventura County) |

Richard and Roberta Graff appeal the judgment entered in favor of CitiMortgage, Inc. (CitiMortgage), after a non-jury trial on appellants' complaint for violation of statutory duties, unfair business practices, fraud and promissory estoppel. Appellants contend the trial court erred when it limited their time to cross-examine a defense witness and refused to admit "key" exhibits into evidence.  They further contend the trial court erred when it found CitiMortgage had not agreed to accept payment to "cure past due payments," and that many of the trial court's determinations "are not supported by any evidence."  We affirm.

*Facts*

In December 1986, appellant purchased a house on Elizabeth Drive in Ventura.  By May 2009, their loan was being serviced by CitiMortgage.  Appellants missed some monthly payments, but brought their loan current on roughly a quarterly basis.

CitiMortgage mailed appellants a loan statement on July 19, 2011, notifying them that the amount due on August 1, 2011 would be $5,552.12. Appellant Richard Graff testified that he called CitiMortgage on July 30, 2011 and spoke with an employee named Raul. Appellant asked for an extension of time to make the past-due May, June and July payments on the loan. Raul told appellant he could grant a one-time extension to August 5, 2011. Appellant told Raul he would make the payment at a Citibank branch. Raul said that the amount due would be $4,278.94 and it would have to be paid in cash or by certified check or money order.

CitiMortgage's contemporaneously prepared service notes of the same telephone conversation reflect no agreement to grant an extension to August 5, 2011. Instead, the notes reflect that appellant owed $4,278.94 for the May, June and July payments. During the call, the service notes reflect that appellant stated his intention to make a payment at a branch on August 5. He "declined any kind of payment arrangement[,]" and "did not complete any loss mitigation options or provide detail of his income and expenses."

On August 3, 2011, CitiMortgage considered appellants' loan to be more than 90 days delinquent. It referred the loan to its trustee, Cal-Western Reconveyance Corporation (Cal-Western), for foreclosure.

Appellant went to a Citibank branch on the afternoon of August 5, 2011 and attempted to make a payment on the loan of $4,278.94. The clerk would not accept appellant's payment because it was less than the total amount then due and the loan had been referred to foreclosure. Appellant spoke with another CitiMortgage employee on the telephone who informed him the loan had been "sold" to Cal-Western. She gave appellant a telephone number to contact Cal-Western for the reinstatement amount. Appellant testified that he called Cal-Western twice for the reinstatement amount but Cal-Western would not give it to him. The representative told appellant she would fax him the amount, but that fax was never received.

The lender's service notes indicate that appellants never requested a reinstatement amount, forbearance agreement or repayment plan from CitiMortgage.

2

Appellant testified that he called CitiMortgage on August 17, 2011 and was told, "they were unable to help me in any way, that I had to call Cal-Western to get the reinstatement fee." Cal-Western served appellants with a Notice of Default on November 14, 2011 stating the reinstatement amount was $4,851.33. Appellants did not pay CitiMortgage the $5,552.12 reflected on their August 1, 2011 loan statement, nor did they pay the reinstatement amount of $4,851.33 reflected on the Notice of Default.

*Procedural History*

Appellants filed their complaint on July 24, 2012. The trial court granted both a temporary restraining order and a preliminary injunction, preventing the foreclosure sale of the property. The preliminary injunction required appellants to post a $5000 bond and make monthly payments of $1,019.22 to the trust account of counsel for respondent CitiMortgage. Appellants complied with that order.

Appellants' operative third amended complaint alleges Cal-Western violated Civil Code section 2924 when it recorded the Notice of Default on November 16, 2011 because it did not record the substitution of trustee until June 2012. Appellants further allege CitiMortgage engaged in unfair business practices, in violation of Business & Professions Code section 17200, when it granted appellants an extension of time over the phone but then refused to accept their payment on August 5, 2011. In addition, they allege that Cal-Western failed to provide appellants with an accurate reinstatement amount.

Appellants' third cause of action for fraud alleges that they were not in default when the Notice of Default was served because they had the extension of time from CitiMortgage. They attempted to pay $4,278.94 before the extension expired, but respondent refused to accept the payment. Thereafter, Cal-Western refused to provide appellants with an accurate reinstatement amount. Finally, appellants' cause of action for promissory estoppel alleges that they relied to their detriment on the extension of time they were granted by respondent and did not "exercise other options available to them" to make the payment before August 5, 2011.

3

After a non-jury trial, the trial court found in favor of respondent. It ordered the preliminary injunction dissolved and awarded the funds in the trust account to respondent. In a Statement of Intended Decision, the trial court explained that appellants had offered no evidence at all to support their first and second causes of action for violation of Civil Code section 2924 and Business & Professions Code section 17200. It found the fraud and promissory estoppel claims failed for three reasons: First, an agreement to modify a loan is unenforceable unless it is in writing and appellants relied on an alleged oral agreement to extend the time for their May through July payments. (Civ. Code, § 1624.) Second, the trial court found respondent's evidence concerning the July 30, 2011 telephone conversation to be more credible than appellants. It concluded that respondent did not agree to an extension of time or to accept a payment of $4,278.94 on August 5, 2011. Third, the trial court found appellants did not rely to their detriment on any promise made by respondent because they did not attempt to cure their default after they were served with the Notice of Default filed on November 16, 2011.

*Standard of Review*

On appeal, a judgment of the trial court is presumed to be correct and we are bound to affirm it if it is correct on any theory, regardless of the trial court's reasoning. We also presume the trial court followed applicable law. (*Cahill v. San Diego Gas & Elec. Co.* (2011) 194 Cal.App.4th 939, 956.) Appellants have the burden of overcoming these presumptions with evidence drawn from an adequate record, legal authority and argument. (*Ibid.;* see also, *Niko v. Foreman* (2006) 144 Cal.App.4th 344, 368.)

"In general, in reviewing a judgment based upon a statement of decision following a bench trial, 'any conflict in the evidence or reasonable inferences to be drawn from the facts will be resolved in support of the determination of the trial court decision. [Citations.]' (*In re Marriage of Hoffmeister* (1987) 191 Cal.App.3d 351, 358.) In a substantial evidence challenge to a judgment, the appellate court will 'consider all of the evidence in the light most favorable to the prevailing party, giving it the benefit of every reasonable inference, and resolving conflicts in support of the [findings]. [Citations.]'

4

(*Howard v. Owens Corning* (1999) 72 Cal.App.4th 621, 630.)  We may not reweigh the evidence and are bound by the trial court's credibility determinations.  (*Id.* at p. 631; see *Heller v. Pillsbury Madison & Sutro* (1996) 50 Cal.App.4th 1367, 1384.)  Moreover, findings of fact are liberally construed to support the judgment.  (*Winchell v. Lambert* (1956) 146 Cal.App.2d 575, 581.)"  (*In re Estate of Young* (2008) 160 Cal.App.4th 62, 75-76.)  These rules dictate affirmance absent an error of law which results in a miscarriage of justice.

*Discussion*

Appellants first contend the trial court erred because it limited their cross-examination of a CitiMortgage witness, Jeanine Cohoon, to five minutes.  There was no error.  The scope and extent of cross-examination " ' "is within the sound discretion of the trial court.  It may exercise a reasonable judgment in determining when the subject is exhausted." ' (*McCarthy v. Mobile Cranes, Inc.* (1962) 199 Cal.App.2d 500, 507.)" (*Kelly-Zurian v. Wohl Shoe Co.* (1994) 22 Cal.App.4th 397, 411.)  Here, the trial court permitted appellants to cross-examine Ms. Cohoon for more than two hours before requiring appellants to complete their questioning within five minutes.  Their examination yielded no meaningful impeachment of her direct testimony or relevant evidence in support of appellants' claims.  The trial court's decision to limit further questioning was not arbitrary, capricious or outside the bounds of reason.  (*Cahill v. San Diego Gas & Elec. Co., supra*, 194 Cal.App.4th at p. 957.)

Appellants next contend the trial court erred when it refused to admit into evidence certain of their "business records."  These documents included appellants' handwritten notes of telephone conversations with employees of CitiMortgage and Cal-Western, and records of other telephone calls placed to those entities.  Additionally, the trial court declined to admit into evidence documents relating to a 2003 Notice of Default served on appellants relating to the same loan.  There was no error.

Respondent CitiMortgage began servicing appellants' loan in September 2007.  The trial court did not abuse its discretion when it concluded that documents prepared seven years before the events at issue here, by another lender and relating to a

5

separate default were irrelevant.  (Evid. Code, §§ 210, 350.)  Similarly, the trial court correctly concluded that appellant's handwritten notes and telephone bills were hearsay because they were offered to prove the truth of their contents.  (Evid. Code, § 1200.)

Finally, appellants contend the trial court's findings of fact are not supported by substantial evidence.  We disagree.  The trial court credited the testimony of Ms. Cohoon and respondent's loan servicing notes over appellant's testimony.  We may not second guess this credibility determination.  (*Howard v. Owens Corning, supra*, 72 Cal.App.4th at p. 631.)  Ms. Cohoon authenticated the loan servicing notes.  Those notes establish that respondent did not grant appellants an extension of time to make their May through July 2011 payments, that appellants did not tender payment of the amount reflected on their August 1, 2011 loan statement, and that appellants did not tender payment of the reinstatement amount reflected on the Notice of Default they received in November 2011.  This constitutes substantial evidence supporting the trial court's judgment.

*Conclusion*

The judgment is affirmed.  Respondent shall recover its costs on appeal.
NOT TO BE PUBLISHED.


                                                    YEGAN, Acting P. J.

We concur:


        PERREN, J.


        TANGEMAN, J.


6

Henry J. Walsh, Judge

Superior Court County of Ventura

_____

Richard L. Graff, in propria persona, for Plaintiffs and Appellants.

Aldridge, Pite, Christopher L. Peterson, Jillian A. Benbow, for Respondents and Defendants.